## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **JEFFREY E. CHEADLE, JR.,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **CIV-17-**348-**M** |
| | | ) | |
| 1. | **USCC SERVICES, LLC, agent for** | ) | |
| | **UNITED STATES CELLULAR, and** | ) | |
| 2. | **USCT of GREATER TULSA, LLC,** | ) | |
| | | ) | **JURY TRIAL DEMANDED** |
| | **Defendants.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Jeffrey E. Cheadle, Jr., and for his Complaint against the Defendants alleges and states as follows:

## PARTIES

1.    The Plaintiff is Jeffrey E. Cheadle, Jr., a Black adult male resident of Oklahoma County, Oklahoma.

2.    The Defendants are:

a) USCC Services, LLC, agent for United States Cellular,[1] an entity doing business in and around Oklahoma County, Oklahoma; and

b) USCT of Greater Tulsa, LLC,[2] an entity doing business in or around Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.    This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on race discrimination, harassment, and creation of a racially hostile work environment in violation of 42 U.S.C. § 1981.

---

[1]This entity is listed on Plaintiff's 2016 IRS W-2 form.

[2]This entity issued Plaintiff's pay checks while he was employed with Defendants.

4.      Jurisdiction over Plaintiff's federal cause of action is vested in this Court under 28 U.S.C. § 1331.

5.      Defendants are located in Oklahoma County and all acts complained of occurred in or around Oklahoma County.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma.  Therefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6.      Plaintiff is a Black male who was hired as a retail sales person with Defendants in or around August 2006.  In or around 2009, Plaintiff was promoted to Service Technician. In or around 2012, Plaintiff was promoted to Sales Manager.  And, in or around November 2015, Plaintiff was promoted to Store Manager by Area Sales Manager Jolinda Holt (who is White).

7.      As evidenced by his promotions over the years, Plaintiff's job performance was at least satisfactory, if not excellent.   And, Holt and Sales Manager Josh Payne (who is White) issued Plaintiff an "exceeds expectations" performance review in or around April 2015.

8.      In or around December 2015, Holt was promoted to another position.  Tony Schroeder (who is White), was promoted to Area Sales Manager and thus, became Plaintiff's immediate supervisor.

9.      On or about February 1, 2016, Schroeder issued discipline to Plaintiff. Schroeder's alleged reason for discipline was that Plaintiff did not schedule an employee to open his store, which lead to the store opening late.  Schroeder told Plaintiff this conduct fell under the "quality decision making" umbrella.  Plaintiff explained to Schroeder that Plaintiff made a mistake using Defendants' new scheduling software, and that he immediately made

arrangements for the store to be opened once Plaintiff discovered the error. This was the first write-up Plaintiff received while employed with Defendants.

10.     On or about March 31, 2016, Plaintiff was subjected to a racial slur at work. More particularly, Schroeder, Oklahoma City Store Managers (including Plaintiff), Sales Managers, and business office employees use a group messaging application called GroupMe. On this date, Sales Manager Jeb McDaniel (who is White) sent a message through GroupMe using the term "niggas." Plaintiff was the only Black employee who participated in the group messaging and was highly offended by the comment. Upon information and belief, despite Schroeder receiving this message from McDaniel, McDaniel was not terminated or otherwise disciplined for his use of a racial slur.

11.     Later the same day, Plaintiff was again written up by Schroeder. The alleged reason for discipline was "poor quality decision making." Particularly, a customer with an existing account added a pre-paid phone line for her child. The customer received a free phone for adding the pre-paid phone line. Plaintiff allowed the customer to use the free phone on the pre-existing phone plan, and the customer used a phone she already had for the pre-paid plan. Schroeder alleged that this was "fraud."

12.     Plaintiff told Schroeder that Plaintiff was trained to allow this by former Store Manager Jordan Ragel (who is White) and that Plaintiff observed this practice for years while working for Defendants. Plaintiff further stated there was no company policy prohibiting his actions and that if Plaintiff should not have approved the request then Defendants should have a written policy stating the same. Despite his explanation, Schroeder issued discipline to Plaintiff. Schroeder further told Plaintiff that, at a later date, Schroeder would be issuing Plaintiff a developmental plan to address Plaintiff's alleged "poor decision making."

13.     However, Schroeder did not issue a plan to Plaintiff. Rather, Schroeder

terminated Plaintiff on or about May 6, 2016.  The alleged reason for termination was that Plaintiff allowed a customer to bill an in-store phone accessory purchase to the customer's monthly bill, but the customer was on a repayment plan for past due payment.  Plaintiff explained to Schroeder that the customer had been with Defendants for over two (2) years and that Plaintiff's sales manager could not find a company policy prohibiting the purchase.  Plaintiff also told Schroeder that Store Manager Justin Pheffer (who is White) was present in Plaintiff's store that day, and that Pheffer told Plaintiff that he (Pheffer) would approve the purchase if it was in his store.  Moreover, the customer was eligible for purchasing the accessories and charging it to his monthly bill through Defendants' TeleSales program.  Despite all of this, Schroeder told Plaintiff he had exhibited "poor quality decision making" and that Plaintiff was terminated.

14.    Such reason was merely pretext for discrimination based on Plaintiff's race.  Non-Black Store Managers have engaged in similar or worse conduct, but have not been terminated.  For instance, one (1) week before Plaintiff's termination, three (3) iPhones were missing from store inventory.  The same week, Schroeder was aware that a White store manager was observed selling three (3) iPhones to another business which buys used iPhones.  Despite this conduct, the White store manager remains employed.  Morever, McDaniel, who blatantly used a racial slur in group messaging, was not terminated for such conduct.

15.    Moreover, Plaintiff was not counseled for "poor quality decision making" prior to Schroeder's arrival.  Rather, Plaintiff was told he was empowered to make decisions and make exceptions to take care of Defendants' customers.

16.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

4

## <u>COUNT I - 42 U.S.C. § 1981</u>

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race-based discrimination, harassment, and the creation of a racially hostile work environment.

18.     Plaintiff is entitled to relief because he is Black, was qualified for his job, suffered adverse employment actions, including termination, and his position was not eliminated after his termination.

19.     Plaintiff is further entitled to relief because he is Black, he was subject to unwelcome harassment, such harassment was based on his race, and due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of Plaintiff's employment and created an abusive working environment.

20.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

21.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendants and award compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 28th day of March, 2017.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**
**haupts@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**